[No. B090421. Second Dist., Div. Four. Nov. 9, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
SONNY LE, Defendant and Appellant.

## COUNSEL

Michael L. Shultz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorneys General, Susan D. Martynec and Sally P. Brajevich, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KLEIN (Brett), J.*—Sonny Le appeals from a judgment sentencing him to state prison for four years upon convictions of felony assault with a deadly weapon or by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1), hereinafter ADW), misdemeanor battery (Pen. Code, § 242), and misdemeanor petty theft (Pen. Code, § 484).

At the trial, appellant was charged only with second degree robbery. (Pen. Code, § 211.) The jury acquitted him of the charge, but found him guilty of ADW as a lesser related offense. The principal question presented on this

---

*Judge of the Municipal Court for the Los Angeles Judicial District, sitting under assignment by the Chairperson of the Judicial Council.

appeal is whether the trial court erred when it ruled, at the prosecutor's request and over appellant's objection, that it would instruct on ADW as a lesser related offense.

The evidence, viewed in a light most favorable to the verdict, established that appellant entered a store in Long Beach owned by his sister and her boyfriend. The boyfriend was the victim of the assault. Appellant asked the victim three times for money. The victim declined. The victim's employee gave appellant $5. Appellant lit a cigarette, using a lighter he took from a display rack. He took a bottled beverage from the cooler and drank from it. The victim told appellant he would have to pay for the beverage. Appellant declined. Appellant hit the victim twice on the head with the bottle. Appellant then struck a dozen more blows with his fist. The victim fell. Appellant ran out of the store, holding the bottle and the lighter. He drove away in an automobile. The victim suffered slight swelling and bruising to his head and face, and some scratches on his arms.

At the conclusion of the evidence, appellant requested lesser related offense instructions on misdemeanor petty theft and misdemeanor simple assault. The prosecutor did not oppose the petty theft instruction. He objected, however, to a simple assault instruction, unless the jury was also instructed on ADW, the weapon being the bottle. The court decided, over defense objection, to instruct on ADW. The court then proposed that it instruct not on simple assault, but rather on simple battery, because the evidence showed a completed battery, not an unsuccessful attempt to batter. Both parties accepted that proposal. There was no discussion of whether the ADW offense would be a felony or a misdemeanor.

Thus the jurors were instructed on the charged offense of robbery plus three lesser related offenses: ADW, misdemeanor simple battery, and misdemeanor petty theft.

The jury acquitted appellant of the robbery and convicted him of all three lesser offenses.

At sentencing, the court considered and denied appellant's request that it make the ADW a misdemeanor by not committing him to state prison. (Pen. Code, § 17, subd. (b)(1).) Appellant was sentenced to the upper term of four years for the ADW, concurrent with six months for the petty theft. The court ordered a Penal Code section 654 stay for the battery.

Appellant contends: (1) His conviction for ADW must be reversed because it was error for the trial court to instruct on that lesser related offense over his objection. (2) The court improperly imposed an $800 restitution fine without first considering the extent of his ability to pay it. (3) The court miscalculated the actual custody credit by one day.

## I.

The firmly established rule is that a lesser related offense, unlike a lesser included offense, may be submitted to the jury only upon the accused's request or with his express or implied consent. (E.g., *People* v. *Lohbauer* (1981) 29 Cal.3d 364 [173 Cal.Rptr. 453, 627 P.2d 183] [nonjury trial for felony residential burglary; no mention of the lesser related offense of misdemeanor unauthorized entry until the court found him guilty of it; this unlawfully deprived defendant of adequate notice; the court rejected the argument that defendant was aware, from the evidence presented at the preliminary examination, that the evidence at trial would show he entered the residence without its owner's permission]; *People* v. *Toro* (1989) 47 Cal.3d 966 [254 Cal.Rptr. 811, 766 P.2d 577] [defendant cannot complain on appeal of an instruction on a lesser related offense if he expressed no objection to the trial court, because his silence when the instructions were discussed constituted implied consent and a waiver of any objection based on surprise or lack of notice]; *People* v. *Delgado* (1989) 210 Cal.App.3d 458 [258 Cal.Rptr. 365] [same procedural facts as *Lohbauer*; court finds no implied consent and reverses].)

As explained in *Toro*, implied consent can take many forms. (47 Cal.3d at p. 973.) One is "when a defendant requests jury instructions on a lesser offense." (*Ibid.*) In all five cases cited by *Toro* in support of this proposition, the lesser related charge of which the defendant complained on appeal was the same one requested by him at the trial.

Here, the record shows unequivocally that appellant objected and that the trial court understood it was giving an ADW instruction over appellant's objection.

There is only one reported decision on point, *People* v. *Wright* (1989) 209 Cal.App.3d 386 [257 Cal.Rptr. 247].

*Wright* is remarkably similar to the present case. The defendant was charged with robbery. Before the trial he knew, from the evidence adduced at the preliminary examination, that the prosecutor's evidence would tend to

show a robbery accomplished by a bare-handed beating so severe that the victim went to the hospital. The evidence adduced at trial was of similar tenor. After both sides rested, defendant requested an instruction on misdemeanor simple assault as a lesser related offense. The prosecutor responded by requesting an instruction on felony ADW as a lesser related offense. Over defendant's objection, the court instructed on both. The jury acquitted defendant of the robbery and convicted him of the ADW.

The Court of Appeal affirmed. It reasoned, in part, as follows. The defendant, in these circumstances, could not claim a lack of notice that the case could potentially be submitted to the jury on a felony ADW theory, because competent defense counsel always identifies every lesser related offense as a possible subject for a defense request. The evidence showed an ADW. Therefore, when the prosecutor asked for a felony ADW instruction, the defendant should not have been surprised. Indeed, he did not express surprise—he did not ask leave to reexamine the witnesses or call more witnesses, nor did he ask for time to consider his tactical options. The defendant also had unilateral power to thwart the prosecutor's counterproposal by withdrawing his own request for a simple assault instruction, but chose not to do so.

*Wright* has been cited only once—it was criticized in a case decided later in 1989, in which the issue arose in a convoluted procedural context. We do not rely on that case, however, and we are forbidden even to cite it, as our Supreme Court directed the Reporter of Decisions not to publish it. (Cal. Rules of Court, rule 977(a).)

We will follow *Wright*. Its reasoning prevails over the countervailing argument that the state's counsel, who before trial enjoys prosecutorial discretion to charge any crime which the evidence at preliminary examination shows was committed, should not be permitted to add more charges after all the trial evidence is in.

Here, appellant knew he was accused of robbery, including its element that the taking of property was accomplished by force, violence, fear, or intimidation. He also knew the evidence would show he hit the victim with the bottle and with his fists. When the prosecutor asked for an ADW instruction, appellant could have asked to reopen the evidence if he believed he would benefit from examining witnesses in more detail about the mechanics of the attack, the weapon used, or the resulting injury. If, on the other hand, he believed that the risk of conviction for ADW outweighed the benefits of placing the other lesser related offenses before the jury, he could

have withdrawn his consent to instructions on the other lesser-related offenses.

In part, a defendant has the right to demand lesser related offense instructions because jurors should not be required, when the evidence shows guilt of some crime but not the one charged, to choose between convicting on the charged offense or acquitting the defendant altogether. To force such a choice undermines the reliability of the jury as a factfinding institution, to the defendant's detriment, because of the risk that he will be convicted of the charged offense despite the deficiencies in the proof. (*People* v. *Geiger* (1984) 35 Cal.3d 510, 520 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]; see generally, *People* v. *Lagunas* (1994) 8 Cal.4th 1030 [36 Cal.Rptr.2d 67, 884 P.2d 1015].) In a case where he believes the tactical benefit of an all-or-nothing choice outweighs this risk, the defendant can refrain from requesting instructions on lesser related offenses. When he does choose to request instructions on a lesser related offense, however, to rule that the defense enjoys sole control of which lesser related offenses are submitted to the jury could cause problems similar to those *Geiger* sought to ameliorate. In the present case, for example, it would have forced the jury to choose between robbery and simple assault, when the evidence showed the crime actually committed was ADW, an offense of intermediate severity.

## II.

Appellant cannot obtain appellate relief concerning the restitution order because he failed to object to it in the trial court. (*People* v. *Gibson* (1994) 27 Cal.App.4th 1466 [33 Cal.Rptr.2d 217]; *People* v. *Menius* (1994) 25 Cal.App.4th 1290, 1297-1299 [31 Cal.Rptr.2d 15].) We have considered, and reject, appellant's arguments why the point should not be deemed waived.

## III.

Appellant correctly contends that the trial court miscalculated the actual custody credit. Appellant was in actual presentence custody 138 days, not 137. The concomitant conduct credit, however, remains 68 days, not 69 as appellant urges, because conduct credits are earned in increments of 2 days upon completion of increments of 4 days' confinement. (Pen. Code, § 4019, subds. (b), (c), (f); *People* v. *Autry* (1995) 37 Cal.App.4th 351, 364 [43 Cal.Rptr.2d 135].)

The judgment is modified to reflect a presentence credit of 206 days. The abstract of judgment is deemed corrected accordingly. As thus modified, the judgment is affirmed.

Vogel (C. S.), Acting P. J., and Hastings, J., concurred.