[No. B165551. Second Dist., Div. Six. Sept. 23, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN PATRICK O'NEAL, Defendant and Appellant.

**COUNSEL**

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Erin M. Pitman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—A defendant is convicted of sexually molesting a child. The victim's brother receives psychological counseling because of emotional damage he suffered as a result of the crime. Here we conclude the brother is a

victim under Penal Code section 1202.4, subdivision (k), and the trial court properly may order defendant to pay restitution to the agency that provided counseling to the brother.[1]

■ Kevin Patrick O'Neal appeals his sentence after he pled guilty to two counts of committing a lewd act upon a child under the age of 14. (§ 288, subd. (a).) The court sentenced him to an eight-year prison term. It ordered victim restitution and imposed fines and penalty assessments. (§ 290.3.) We conclude, among other things, that the trial court did not err by ordering O'Neal to pay restitution for the psychological counseling expenses incurred by the brother of the victim. It also properly imposed two fines and penalty assessments. We order that an error in the abstract of judgment be corrected to conform to the trial court's ruling. The judgment is otherwise affirmed.

## FACTS

O'Neal lived with his girlfriend Audrey L. and her two children Shayna L., age eight, and David L., age 12. O'Neal sexually molested Shayna for two years.

Audrey submitted claims to the Victims Compensation Program for reimbursement of psychological counseling expenses for herself and the children. The California Victim Compensation Board and Government Claims (Victim Compensation Board) paid the claims.

The probation report attached a letter from David in which he expressed his feelings about O'Neal. He said, "I never would have guessed that he could be that disgusting. I couldn't believe it when it first came up, but it all fit together. The way he played me and Shayna against each other and made us fight—expanding our sibling rivalry—and treating us totally different. . . . That['] s sick. I chose not to feel anything up until this point and since I had a chance to let it all out it['] s coming like waves."

At the January 21, 2003, sentencing hearing, the court ordered O'Neal to pay restitution to the Victim Compensation Board: $6,000 for Shayna, $4,950 for Audrey, $2,384 for David "and a further amount to be determined by the Court." It ordered O'Neal to pay a fine of $1,350, including penalty assessments pursuant to section 290.3.

O'Neal's trial counsel said she needed "a chance to review" the restitution issues and requested another hearing on that issue. The court said, "What I would propose is make these orders subject to your having the matter recalendared once you have had the chance to review those particular items."

---

[1] All statutory references are to the Penal Code unless otherwise stated.

But she did not file another motion on the restitution issue. On March 6, 2003, O'Neal filed this appeal.

On July 8, 2003, O'Neal's appellate counsel filed a "Motion to Correct Restitution Order" in the trial court. Counsel said in his declaration that, "During my review of the record, I noticed that this Court ordered my client to pay restitution. I do not, in this motion, dispute the amount of restitution ordered, instead, I dispute the legality of one of the restitution orders [involving David]." The trial court denied the motion. It said, "[T]he case is presently on appeal and this court is without jurisdiction to make such orders at this time."

The abstract of judgment states, "Restitution to Shayna L. in sum of $6,000; to Audrey L. in sum of $4[,]950; and to David L. in sum of $2[,]384 and in an amount to be determined."

## DISCUSSION

### I. *Restitution*

O'Neal contends the court erred by ordering him to pay restitution of $2,384 for psychological counseling for David. The Attorney General claims O'Neal waived this issue by not challenging the restitution order in the trial court prior to filing this appeal. We agree. (*People v. Le* (1995) 39 Cal.App.4th 1518, 1523 [46 Cal.Rptr.2d 566].) At the sentencing hearing, O'Neal did not object to the restitution amounts or present evidence on that issue. The court granted his trial counsel leave to request another hearing on the restitution issue, but she did not request one. Almost six months after the sentencing hearing, O'Neal's current appellate counsel challenged the restitution order in the trial court. But O'Neal's motion did not explain the reason for the long delay or why he did not file it prior to his appeal. He waived this issue. (*Ibid.*) But even on the merits, the result is the same.

O'Neal contends that David was not a crime victim. The California Constitution guarantees that crime victims will receive restitution. (Cal. Const., art. I, § 28, subd. (b); *People v. Broussard* (1993) 5 Cal.4th 1067, 1075 [22 Cal.Rptr.2d 278, 856 P.2d 1134].) O'Neal notes that section 1202.4, subdivision (k), defines a "victim" to include the "immediate surviving family of the actual victim." He contends the term "surviving" means that family members do not qualify unless the "actual victim" dies, which did not happen here.

But we need not define the term "surviving," because even if O'Neal's interpretation is correct, the result is the same. He concedes that if

David were an actual victim of the offense, he would be entitled to restitution. O'Neal assumes that because he did not physically molest him, David cannot be a victim. But compensation is not restricted to physical injuries. (*People v. Broussard, supra*, 5 Cal.4th at p. 1075.) The trial court reasonably could infer from David's statements that the emotional damage O'Neal caused was not limited to Shayna. David also suffered emotionally and was thus a victim.

■ Moreover, O'Neal concedes that restitution for derivative victims is appropriate. A "derivative victim" is "an individual who sustains pecuniary loss as a result of injury or death to a victim." (Gov. Code, § 13951, subd. (c).) A pecuniary loss is "an economic loss or expense . . . ." (*Id.*, subd. (e).) O'Neal argues "[n]othing in the record suggests that David L. lost income or personally paid any expenses as a result of appellant's actions." He claims a restitution order was therefore unauthorized. ■ But compensation for those who suffer injuries or incur expenses as a result of an offense is proper, "regardless of the nature of their loss." (*People v. Broussard, supra*, 5 Cal.4th at p. 1075.) Those receiving restitution may include governmental entities. (*People v. Crow* (1993) 6 Cal.4th 952, 958–960 [26 Cal.Rptr.2d 1, 864 P.2d 80].) David received psychological counseling for his emotional reaction to O'Neal's offenses. The Victim Compensation Board reimbursed Audrey for the cost of those services, $2,384. O'Neal neither contested these facts nor challenged the dollar amount of the restitution order.

■ A court may properly order restitution for mental health counseling expenses. (§ 1202.4, subd. (f)(3)(C).) Section 1202.4, subdivision (f)(4)(A), states, "If, as a result of the defendant's conduct, the Restitution Fund has provided assistance *to or on behalf of a victim or derivative victim*[,] . . . the amount of assistance provided *shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered.*" (Italics added.) Consequently, the Victim Compensation Board, which paid for David's counseling, is entitled to reimbursement. (*People v. Crow, supra*, 6 Cal.4th at pp. 958–960; *People v. Ortiz* (1997) 53 Cal.App.4th 791, 797 [62 Cal.Rptr.2d 66].)

O'Neal and the Attorney General agree that the abstract of judgment is incorrect. They note that the court ruled that restitution for services must be paid to the Victim Compensation Board. But the abstract states it is paid to Shayna, Audrey and David. We order the abstract corrected to conform to the trial court's ruling. (*People v. Mitchell* (2001) 26 Cal.4th 181, 188 [109 Cal.Rptr.2d 303, 26 P.3d 1040].)

## II. *The Fine and Penalty Assessments*

O'Neal contends the court erred by imposing two fines and penalty assessments totaling $1,350. He claims it should have imposed a single $200 fine and penalty assessments of $340 and that multiple fines for multiple convictions in the same case are prohibited. We disagree.

"In construing a statute, our principle task is to ascertain the intent of the Legislature. [Citation.] We do so by first turning to the words themselves, giving them their ordinary meaning. [Citations.]" (*People v. Broussard, supra,* 5 Cal.4th at p. 1071.) Section 290.3, subdivision (a), requires "a fine of two hundred dollars ($200) *upon the first conviction* or a fine of three hundred dollars ($300) *upon the second and each subsequent conviction,* unless the court determines that the defendant does not have the ability to pay the fine." (Italics added.)

O'Neal argues nothing permits the imposition of multiple section 290.3 fines in the same proceedings. But the statute refers to fines for convictions, not fines for proceedings. O'Neal's argument is based on the theory that his plea agreement must be treated as if it involved only one conviction. But he pled guilty to two counts of committing a lewd act upon a child. Each count involved a separate conviction. Because there were two counts, O'Neal had a second or subsequent conviction under section 290.3.

■ The statute does not limit the number of fines that may be imposed for multiple convictions in the same case. If the Legislature wanted to impose such a limitation, it would have done so. (*People v. Allison* (1995) 41 Cal.App.4th 841, 845 [48 Cal.Rptr.2d 756].)

The Attorney General notes that adopting O'Neal's position would mean there would be different fines for defendants who had the same number of convictions. If the prosecutor joined multiple counts in one case there would be a single fine, but there would be multiple fines if each count was filed in a separate action. The Legislature did not intend such a result because it would be basing fines on the prosecutor's procedural choice, not the number of convictions. The court did not err by imposing the two fines and penalty assessments for the two convictions in this case.

We order the trial court to correct the abstract of judgment to reflect that restitution in the amount of $13,334 be paid to the Victim Compensation Board. In all other respects the judgment is affirmed.

Coffee, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 12, 2005.