Filed 4/2/13  P. v. Flowers CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LISA MARIA FLOWERS,<br><br>    Defendant and Appellant. | B237682<br><br>(Los Angeles County<br>Super. Ct. No. LA068019) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jessica Silvers, Judge.  Affirmed.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Kenneth C. Byrne and Shira B. Seigle, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Lisa Maria Flowers appeals the judgment entered following her plea of no contest to one count of grand theft.  (Pen. Code, § 487, subd. (a).)[1]  Flowers contends the order directing her to pay victim restitution to family members of the named victim must be stricken as unauthorized by her plea bargain or sections 1192.3 and 1202.4.  However, Flowers agreed to pay actual restitution to any victim, if appropriate, and the family members of the named victim themselves qualify as victims for the purpose of restitution.  (§ 1202.4, subd. (k)(3)(A) & (k)(3)(B).)  We therefore find no violation of Flowers's plea bargain or the cited statutes and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

The report of the probation officer indicates Flowers worked as a care provider to the elderly.  She stole cash and property, primarily jewelry, from the homes of her employers and their friends.  She was charged by complaint with three counts of grand theft and three counts of petty theft with prior theft related offenses.  Shirley Dubin was the named victim in counts 1 and 4; Florence and Edward Shevick were the named victims in counts 2 and 5; and, Betty Avidan was the named victim in counts 3 and 6.  The complaint further alleged the victims were over the age of 60 years and that Flowers had been convicted of theft related offenses in 1999, 2002 and 2007, and had served a prior prison term within the meaning of section 667.5, subdivision (b).

Pursuant to a plea bargain, Flowers pleaded no contest to grand theft in count 1 in exchange for a sentence of two years in state prison and dismissal of the remaining counts.  Flowers initialed a box that indicated she understood the trial court would order her, "if appropriate, [to] pay actual victim restitution to any victim."  Before accepting Flowers's change of plea, the trial court indicated that, as part of the plea agreement, Flowers would be expected to pay restitution for losses on all counts pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

Thereafter, the trial court conducted a restitution hearing at which Shirley Dubins's daughter, Heather Dubin, testified her mother is 86 years of age and she suffers

---

[1]     Subsequent unspecified statutory references are to the Penal Code.

from macular degeneration and dementia. In February of 2011, the family met at Shirley's home, itemized her jewelry and placed it in a secure place. At the start of March, Heather hired Flowers to care for Shirley. Shortly thereafter, Shirley's home flooded. On March 20, 2011, Heather moved Shirley and her jewelry to Heather's home and, for several months, Flowers and Shirley lived in Heather's home. Heather testified Shirley's jewelry valued at $42,9084.80 was missing from her home. Also, after Flowers began working in Heather's home, Heather noticed a camera and a flat iron were missing and $2,000 in cash her son was saving was taken from a wall safe.

Florence Shevick's daughter testified with respect to the value of the jewelry Flowers took from her mother.

The People requested an order for restitution in the amount of $42,984.80 to Shirley Dubin, $2,210.88 to Heather Dubin and $43,000 to the Shevicks.

Defense counsel argued restitution in the large amounts being requested should not be granted based on hearsay and asserted Heather Dubin's valuation of her mother's jewelry was "pure speculation."

The trial court rejected defense counsel's argument, noting the daughters personally were victims with respect to the lost jewelry as they have been denied the inheritance and the pleasure of handing the jewelry down to their children. The trial court indicated it was competent to make credibility and valuation determinations without supporting documents, noted both daughters had testified credibly and ordered restitution in the requested amounts.

## CONTENTIONS

Flowers contends the restitution order as to Heather Dubin violated the terms of the plea bargain and was not authorized by sections 1192.3 or 1202.4.

## DISCUSSION

1. *The claim of error was not raised in the trial court and thus has been forfeited.*

As noted by the People, Flowers's claim is forfeited because she failed to object to the imposition of the restitution order as to Heather in the trial court. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and

3

articulates its supporting reasons cannot be raised for the first time on appeal."
(*People v. Scott* (1994) 9 Cal.4th 331, 356.) The forfeiture rule applies to restitution orders. (*People v. Bradley* (2012) 208 Cal.App.4th 64, 90; *People v. O'Neal* (2004) 122 Cal.App.4th 817, 820; *People v. Le* (1995) 39 Cal.App.4th 1518, 1523; *In re S.S.* (1995) 37 Cal.App.4th 543, 547-548.)

Here, Flowers objected in the trial court that Heather's testimony was hearsay and her estimates of the value of Shirley's jewelry were speculation. She did not claim the $2,210.88 portion of the restitution order requested by the People for property taken from Heather and her son was unauthorized or violated the terms of her plea bargain. Thus, under the above authority, these arguments have been forfeited.

However, even viewed as an unauthorized sentence that may be attacked at any time (see *People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Zito* (1992) 8 Cal.App.4th 736, 741-742), the claims fail on the merits.

2. *No error in the order for payment of victim restitution to Heather.*

Flowers concedes restitution was proper with respect to the victims of the dismissed counts because she submitted a *Harvey* waiver. However, Flowers did not agree to pay restitution to other unnamed victims or victims of uncharged crimes. Flowers argues that, because Heather was not named as a victim in the complaint, the trial court violated the plea bargain and abused its discretion when it ordered Flowers to pay victim restitution to Heather. Flowers further contends the victim restitution order was not authorized by sections 1192.3 or 1202.4, which respectively require a *Harvey* waiver before restitution may be ordered with respect to a dismissed count, and limit restitution to losses from offenses as to which the defendant is "convicted."

Flowers' arguments are not persuasive.

The California Constitution states: "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime

4

victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." (Cal. Const., art. I, § 28, subd. (b).)

These constitutional provisions are implemented by section 1202.4. (*People v. Giordano* (2007) 42 Cal.4th 644, 651-652.) Subdivision (f) of section 1202.4 provides: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) We review a restitution order for an abuse of discretion. (*People v. Giordano*, *supra*, at p. 663.) In so doing, we construe the right to restitution broadly and liberally. (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.)

When a defendant is sentenced to prison, section 1202.4 limits the scope of victim restitution to losses caused by the criminal conduct for which the defendant sustained the conviction. (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049 [defendant not required to pay restitution for economic loss resulting from murder when he was convicted as an accessory after the fact only]; *People v. Lai* (2006) 138 Cal.App.4th 1227, 1249 [portion of the restitution order attributable to fraudulently obtained aid before charged period invalidated].)

When victim restitution is ordered in conjunction with a grant of probation, this limitation does not apply. Because "[p]robation is 'an act of clemency and grace,' [citation] not a matter of right," the trial court can impose probation conditions that it could not otherwise impose. (*People v. Anderson* (2010) 50 Cal.4th 19, 32.) Thus, where probation is granted, restitution is not limited to damages specifically caused by the crime of which the defendant was convicted. (See *People v. Martin* (2010) 51 Cal.4th 75, 82; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

Here, Flowers was sentenced to prison. The restitution ordered therefore must relate to a loss caused by the criminal conduct for which Flowers sustained the conviction, namely, taking property from Shirley Dubin while Shirley resided in the home of her daughter Heather Dubin.

As relevant here, a victim for purposes of section 1202.4 includes a person who sustained economic loss as a result of the crime and was a child of the victim at the time of the crime or was living in the household of the victim at the time of the crime. (§ 1202.4, subd. (k)(3)(A)-(B); see *People v. Runyan* (2012) 54 Cal.4th 849, 856.)

Heather is the child of Shirley, the named victim, and Heather's son lived in Shirley's household at the time of the crime. Thus, Heather and her son qualify as victims statutorily entitled to restitution. Further, Flowers agreed, in writing, to pay "actual restitution to any victim." Absent any indication otherwise, the statutory definition of relevant terms, including the definition of a victim for the purposes of restitution, is presumed to have been considered by the parties and incorporated into their plea agreement. Thus, the order directing Flowers to pay restitution in the amount of $2,210.88 to Heather to compensate Heather and her son for property taken from Shirley's household was not a violation of the plea agreement or the relevant statutory provisions.

Flowers complains this result is inconsistent with the stated factual basis for her no contest plea, which the prosecutor stated during the change of plea as: "[D]uring the course of working as a healthcare provider[, Flowers] stole jewelry and other items from that specific individual." Based thereon, Flowers asserts she was not on notice as to losses for unnamed victims. However, the quoted statement addressed only the factual basis for the no contest plea. It was not related to the permissible scope of restitution which, as set forth above, properly extended to losses suffered by Heather and her son who, as members of Shirley's household, are statutorily recognized victims for the purpose of restitution.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

CROSKEY, J.

ALDRICH, J.