Filed 5/16/13  P. v. Brown CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B242565 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA078159) |
| v. | |
| BALEEGH JIHAD BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Baleegh Jihad Brown appeals the judgment entered following his plea of no contest to three counts of robbery in which a principal used a firearm, assault with a semiautomatic firearm in which he personally used a firearm and two counts of attempted robbery in which he personally used a firearm. (Pen. Code, §§ 211, 12022.53, subd. (b), 245, subd. (b), 664/211, 12022.5, subd. (a).)[1] Brown also admitted a prior serious or violent felony conviction within the meaning of the Three Strikes law. (§§ 667, subds (a)-(i), 1170.12 (a)-(d).) Pursuant to a plea bargain, Brown was sentenced to 34 years in state prison and was ordered to pay, inter alia, a $240 restitution fine pursuant to section 1202.4, subdivision (b), and a $240 parole revocation fine pursuant to section 1202.45.[2]

Brown contends the restitution fine and the parole revocation fine must be reduced to $200 because the record indicates the trial court intended to impose the minimum fine and $200 was the minimum fine at the time of Brown's offenses. We conclude Brown forfeited this claim by failing to raise the issue in the trial court and affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

Brown waived a preliminary hearing. The report of the probation officer indicates Brown was involved in two incidents of armed robbery. On June 4, 2009, four men entered a pawnshop in Hawthorne, pointed guns at store employees, took jewelry valued at more than $200,000 from display cases and fled in two cars. Five days later, three men attempted to commit an armed robbery at a pawnshop in Long Beach. During the incident, Robert Howes shot one of the would-be robbers in the thigh. In response, one of the robbers fired four shots, one of which struck Howes in the face. Analysis of blood found outside the Long Beach location matched Brown's DNA. Also, a photograph of Brown appeared to match photographs taken by security cameras in both robberies.

---

[1]     Subsequent unspecified statutory references are to the Penal Code.

[2]     If a sentence includes a period of parole, section 1202.45 requires the trial court to impose a probation revocation fine in the same amount as the restitution fine imposed under section 1202.4.

In photographic lineups, two witnesses identified Brown as a participant in the Hawthorne robbery.

Before Brown pleaded no contest as indicated above, the prosecutor advised him, "The court will also order you to pay a mandatory restitution fine ranging anywhere from $200 to $10,000." The matter was continued for sentencing. At the sentencing hearing, the trial court imposed the negotiated term of 34 years in state prison, calculated Brown's custody credits and stated, "There's a $240 restitution fine payable in all felony cases . . . ." The trial court thereafter imposed a restitution fine and a parole revocation fine in the amount of $240. Brown did not object to the amount of either fine. He now contends both fines must be reduced to $200.

## DISCUSSION

Brown's argument proceeds from the premise a restitution fine is a criminal penalty which is governed by ex post facto principles. (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.) Brown contends the trial court intended to impose the statutory minimum restitution fine. Thus, the amount of the restitution fine should have been $200, which was the minimum fine when Brown committed his crimes in 2009. (See Stats. 2008, ch. 468, § 1.) However, the trial court imposed a fine of $240 under the law in effect in 2012 when Brown was sentenced. (§ 1202.4, subd. (b)(1).) Brown requests modification of the judgment and remand with directions to amend the abstract of judgment. (*People v. Saelee*, *supra*, at pp. 30-31.)

However, Brown did not object when the court imposed the restitution fine or advise the trial court the minimum amount of the restitution fine was $200 when the crimes were committed. As a result, Brown forfeited this claim by failing to raise it in the trial court. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) The rule applies to the imposition of restitution fines. (*People v. Bradley* (2012) 208 Cal.App.4th 64, 90 [defendant failed to object to imposition of a restitution fine of $8,523.37]; *People v. Le* (1995) 39 Cal.App.4th 1518, 1523[claim an $800 restitution fine was imposed without

3

first considering the defendant's ability to pay forfeited]; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469.)

Brown argues the forfeiture rule does not apply because the trial court failed to exercise it discretion, resulting in a illegal sentence as to which no objection was required. (*In re Sean W.* (2005) 127 Cal.App.4th 1177, 1181.) He claims that, had the trial court been aware the minimum fine was $200, it is likely a fine in that amount would have been imposed.

We are not persuaded. Brown's plea bargain did not contemplate imposition of the minimum fine. Indeed, the prosecutor advised Brown the trial court would impose a restitution fine in an amount between $200 and $10,000. Brown's argument the trial court intended to impose the minimum possible fine is based on the trial court's statement, "There's a $240 restitution fine payable in all felony cases . . . ." However, the trial court, in the exercise of its sentencing discretion, reasonably could impose a restitution fine in the amount of the current minimum rather than the minimum at the time of the offenses. Given the nature of Brown's crimes, the monetary loss involved and the physical harm visited on Howes, who was shot in the face in the attempted robbery, the $240 fine was well within the trial court's discretion. (See, § 1202.4, subd. (d).)

In sum, Brown's claim of error fails.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.                                    ALDRICH, J.