Filed 1/27/16  P. v. Vasquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C077425 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F166) |
| v. | |
| SHERYL LYNN VASQUEZ, | |
| Defendant and Appellant. | |

Following her plea of guilty to grand theft by embezzlement, the trial court ordered defendant Sheryl Lynn Vasquez to pay $15,933.81 in direct victim restitution to Ken Blackstone.  On appeal she contends the order of restitution must be modified to conform to the trial court's statement of calculation.  The People concede.  We do not agree.  We conclude defendant forfeited the claim of error by failing to object to the restitution order in the trial court.  Moreover, we do not agree the trial court overstated

the amount of restitution. Rather, we conclude there was a calculation error which we correct to order full restitution to the victim in the amount of $15,934.51.

## BACKGROUND

Defendant worked as a shift manager for a McDonald's owned and operated by Ken Blackstone. Between December 2010 and December 2011, she embezzled funds from the restaurant by processing fraudulent customer refunds and keeping the money for herself.

Defendant pleaded guilty to grand theft by embezzlement. (Pen. Code, § 487, subd. (a).) The trial court suspended imposition of sentence and granted her three years' formal probation conditioned on her serving 150 days in jail.

At the restitution hearing, Blackstone testified he had calculated the losses caused by defendant's actions as $1,543.98 in 2009, $4,808.34 in 2010, and $8,842.63 in 2011, for a total of $15,194.95. Blackstone also incurred an additional $924.30 ($865.20 plus $59.10) in costs to accumulate the necessary data and calculate the losses. The total claimed losses were $16,119.25. In an earlier police report, the restaurant supervisor, Robert Flowers, calculated the losses in 2011 at $8,657.89. Defendant testified she had stolen money from the McDonald's between April and October 2011, and claimed the amount she had stolen was approximately $3,000 to $4,000.

The trial court ruled, stating: "I'm going to . . . fix the amount of restitution in the amount of $15,933.81. That number is achieved by adding together five numbers, $1,524.92 for '09, $4,008.34 from 2010, $8,657.89 from 2011 plus $865 for Flowers's time and $59.10 for copies." The clerk's minute order indicates the trial court ordered defendant to pay $15,933.81 in direct victim restitution.[1]

---

[1]     Neither party mentions it, but the minute order imposes a $400 domestic violence fee. Defendant was charged with embezzlement of a business establishment. There are no allegations of domestic violence, or violence of any kind. There appears to be no

"[W]e review the trial court's restitution order for abuse of discretion." (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) "Under this standard, while a trial court has broad discretion to choose a method for calculating the amount of restitution, it must employ a method that is rationally designed to determine the . . . victim's economic loss. To facilitate appellate review of the trial court's restitution order, the trial court must take care to make a record of the restitution hearing, analyze the evidence presented, and make a clear statement of the calculation method used and how that method justifies the amount ordered." (*Id.* at pp. 663-664.) The amount of restitution must be based on the amount of loss claimed by the victim or any other showing to the court, and the trial court is required to order "*full* restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record." (Pen. Code, § 1202.4, subd. (f).)

Defendant did not object to the restitution order in the trial court. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.) This forfeiture rule also applies to restitution orders. (*People v. O'Neal* (2004) 122 Cal.App.4th 817, 820; *People v. Le* (1995) 39 Cal.App.4th 1518, 1523.) By failing to object to the restitution order, defendant forfeited her challenge to the restitution order on appeal. (*People v. Bradley* (2012) 208 Cal.App.4th 64, 90.)

Moreover, we do not agree that the trial court overstated the restitution amount, although we agree there does appear to be a small error in the calculation of restitution. The trial court indicated it calculated restitution by adding together Blackstone's claimed losses for the years 2009, 2010, and 2011, and the costs incurred in determining those losses. The evidence presented indicated the loss for 2009 was $1,543.98, not $1,524.92,

indication in the record the trial court ordered imposition of this fee or it would have been appropriate to impose.

3

and for 2010 was $4,808.34, not $4,008.34. There was no showing as to either the 2009 or 2010 losses that the amount was other than that testified to by Blackstone. There is no reason apparent in the record why the trial court would have reduced the amounts. Rather, it appears these discrepancies resulted from either a typographical error by the court reporter or the trial court misspeaking. Blackstone testified the losses in 2011 were $8,842.63. However, in an earlier police report, Flowers reported the losses in 2011 at $8,657.89. The trial court's statement indicates it accepted this lower amount as the correct amount of losses for 2011. Utilizing the trial court's stated method of calculation, the losses for the three years and the costs to calculate those loses, results in a restitution award of $15,934.51, not $15,933.81 as stated by the trial court, or $15,133.25 as claimed by defendant.

The trial court's error was clearly inadvertent. There was no ambiguity in the amount of the victim's claimed monetary loss. It does not appear from the record that the court intended to exercise its discretion to award an amount below the documented total. As stated above, the trial court was required to order full restitution, based on the amount of loss claimed by the victim or any other showing. Because the record is clear that the trial court intended to award the victim full restitution in the amounts shown by the record, and in the interest of judicial economy, we will modify the judgment to reflect the intended documented total restitution amount of $15,934.51.

DISPOSITION

The judgment is modified to reflect defendant is to pay victim restitution to Ken Blackstone in the amount of $15,934.51. As modified, the judgment is affirmed. The court is directed to delete reference in the minute order to the $400 domestic violence fee.

4

The trial court shall prepare an amended minute order and forward a certified copy thereof to any officer having custody of defendant.

                                                   NICHOLSON          , J.

We concur:


      BLEASE          , Acting P. J.


      ROBIE           , J.