[No. E012607. Fourth Dist., Div. Two. May 25, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL EDWARD MENIUS, JR., Defendant and Appellant.

COUNSEL

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pamela A. Ratner and Kyle Niki Cox Shaffer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DABNEY, Acting P. J.**—When officers searched the residence of defendant Carl Edward Menius, Jr., pursuant to a warrant, they found a veritable treasure trove of contraband, paraphernalia, and chemicals used in the manufacture of methamphetamine: sodium hydroxide, red phosphorus, hydriodic acid, methamphetamine sludge, ephedrine, trichlorotrifluroroethane, finished methamphetamine in a substantial quantity, heating mantles, flasks,

pumps, funnels, papers, tubing, hydrogen chloride cylinders, syringes, etc. Baggies of marijuana were found in the house, along with cocaine; a four-pound block of marijuana was found in defendant's car. A firearm was found under defendant's pillow in his bedroom.

Defendant was charged with a multiplicity of offenses, and eventually pleaded guilty to two counts of the ten-count amended information. These counts (numbers three and five) charged defendant with possession of specified chemicals with the intent to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c)) and with possession of marijuana for sale (Health & Saf. Code, § 11359). Each count included an armed allegation (Pen. Code, § 12022, subd. (a)(1)), and enhancements were also alleged under Penal Code section 667.5, subdivision (b) (prior prison term) and Health and Safety Code section 11370.2, subdivision (b) (prior drug conviction). Defendant admitted the enhancement allegations based on the prior convictions, as we will discuss in more detail below,[1] and agreed to a "lid" of 10 years and 8 months. All other counts and enhancements were to be (and eventually were) dismissed.

Defendant was ultimately sentenced to the maximum term permissible under the plea agreement, comprised of the aggravated term of six years for the methamphetamine charge, three years for the prior drug conviction enhancement, one year for the prior prison term, and eight months (one-third the midterm) consecutive for the marijuana conviction.

On this appeal, he contends that the prior drug conviction enhancement was erroneously imposed, that the sentence violates Penal Code section 654, and that the restitution fine was improper. His first two contentions are completely without merit, and the third nearly so. We affirm.

Due to the nature of defendant's contentions, no further recital of the facts is necessary.

A.

*The Enhancement Was Properly Imposed*

█   Health and Safety Code section 11370.2 creates sentence enhancements for certain drug offenders with previous drug-related felony convictions. Subdivision (a) imposes a three-year enhancement on those convicted

---

[1]Two separate Nevada convictions were alleged, one of which was used under Penal Code section 667.5, subdivision (b), and the other of which supported the enhancement under the Health and Safety Code. There was no dual use.

of certain controlled substance or cocaine base offenses, while subdivision (b) imposes a three-year enhancement on those convicted of other controlled substance offenses. The first subdivision generally covers current convictions involving narcotic drugs, while the second generally covers current convictions for nonnarcotic, but controlled, substances, such as phencyclidine (PCP) and methamphetamine. Subdivision (b) was the only one of the two which applied to defendant, as he was convicted of the methamphetamine charge but no cocaine charge or other charge covered by subdivision (a).

At the time defendant entered his plea, the fact that the most serious charge to which he was pleading guilty involved methamphetamine was, naturally, repeated several times. The same information was contained in the change of plea form signed and initialed by defendant. At the hearing, defendant was asked how he pled to the special allegation that he was "convicted of a violation of Nevada Revised Statutes Section 453.321, *within the meaning of Section 11370.2 subsection (b) of the California Health and Safety Code.*" (Italics added.) Defendant admitted the allegation.

However, at sentencing, the court purported to impose an enhancement under *subdivision (a)* of Health and Safety Code section 11370.2. Defense counsel did not comment.

In support of his contention that the sentence was in excess of the court's jurisdiction, defendant cites only *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1093 [207 Cal.Rptr. 199]. In that case, defendant was convicted of oral copulation on a person under the age of 14 years, but the complaint expressly alleged that the victim was *15* years old. The court had no difficulty in finding that it was legally impossible for the offense to have been committed against a 15-year-old victim, and that the sentence was unauthorized. However, the case is not controlling here.

Defendant was charged with a methamphetamine offense included within subdivision (b) of Health and Safety Code section 11370.2, and with a qualifying prior conviction. He pleaded guilty to the methamphetamine charge and admitted the prior. His conduct, as admitted *and* as charged, subjected him to enhanced punishment. Defendant cites no authority for the proposition that an obviously inadvertent misstatement by the trial court, referring to the wrong subdivision of the applicable statute, entirely vitiates the effort to impose the enhancement.

It is well established that a sentence which is the result of clerical error (in the sense of inadvertence, though committed by the judge) may be corrected

at any time, by the trial court or the reviewing court; the same is true of an unauthorized sentence, such as one which fails to apply mandatory law. (See e.g. *People* v. *Irvin* (1991) 230 Cal.App.3d 180, 915-916 [281 Cal.Rptr. 195] [failure to impose enhancement term]; *People* v. *Chagolla* (1983) 144 Cal.App.3d 422, 434 [193 Cal.Rptr. 711] [enhancement applied to wrong count].) In some cases, when the error is discovered by the appellate court, a remand is necessary, or at least desirable, in order to permit the trial court to exercise any discretion encompassed in the decision. (E.g., *People* v. *Irvin, supra.*) However, in this case it is appropriate for this court to correct the error.

Nothing whatsoever in the record suggests that the court desired to strike the enhancement, as permitted by Penal Code section 1170.1, subdivision (h).[2] (Cf. *People* v. *Irvin, supra,* 230 Cal.App.3d 180 in which the trial court's ambiguous remarks left this as a distinct possibility.) The trial court obviously simply misspoke in referring to subdivision (a) of Health and Safety Code section 11370.2, rather than the applicable subdivision (b). (See *People* v. *Schultz* (1965) 238 Cal.App.2d 804, 806-808 [48 Cal.Rptr. 328], in which the trial court, realizing its mistake, properly corrected a sentence orally imposed under the wrong statute.)

As the United States Supreme Court has pointed out in rejecting a double jeopardy challenge to a resentencing, "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." (*Bozza* v. *United States* (1947) 330 U.S. 160, 166-167 [91 L.Ed. 818, 822, 67 S.Ct. 645].) If defendant wished to ensure an accurate future record, the error could have been corrected by the trial court on application. (See *People* v. *Little* (1993) 19 Cal.App.4th 449, 451-452 [23 Cal.Rptr.2d 394], in which the defendant only sought to have the abstract of judgment *corrected* to reflect the imposition of an enhancement under the proper statute; in that case, the appellate court encouraged the parties to seek such corrections in the trial court.) There is no basis in law or logic for the relief sought here.

We reject defendant's arguments, but we will order that the abstract of judgment (which currently includes no subdivision reference at all) be amended to refer to subdivision (b) of Health and Safety Code section 11370.2.

---

[2]It expressly referred to its power to do so, noting that the enhancement "unless stricken by the court, must run consecutive." It then imposed "and for the enhancement. . . pursuant to Health and Safety Code section 11370.2(A) for an additional three years consecutive. . ."

## B.

### *Defendant Did Not Receive Impermissible Double Punishment*

The Attorney General argues that any objection was waived pursuant to California Rules of Court, rule 412(b), which provides that "[b]y agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term *or a shorter one* abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record." (Italics added.) Defendant responds that the rule is not applicable, because he was only informed of the maximum sentence available and did not agree to a specified term.

We question defendant's premise, because although the trial court's oral advisements were in the form of specifying the maximum punishments, defendant's agreement, as set out in the change of plea form, was that he *could* be sentenced to the maximum; he agreed to a "lid" of 10 years and 8 months, which *was* the maximum for the charges and enhancements included in his plea. However, we need not resolve the issue, because defendant's underlying argument may be readily disposed of on the merits.

■ Defendant argues that the trial court violated Penal Code section 654 when he was sentenced to separate terms for the methamphetamine manufacturing charge and the marijuana possession charge. The contention is meritless. Defendant relies on cases such as *In re Adams* (1975) 14 Cal.3d 629, 635 [122 Cal.Rptr. 73, 536 P.2d 473], in which courts have concluded that where a defendant is charged with the essential offense of transportation, he cannot be separately punished for transporting several different substances at one time. However, the law is clear that the possession of different drugs or controlled substances not only may violate different statutes, but may also be separately punished. (E.g., *People v. Barger* (1974) 40 Cal.App.3d 662, 672 [115 Cal.Rptr. 298].) The line of cases stating this rule was cited, and not disapproved, in *Adams*, in which the court noted that in possession cases, the various possessions "may or may not have been motivated by a single intent and objective . . ." A particularly compelling case is *People v. Goodall* (1982) 131 Cal.App.3d 129, 148 [182 Cal.Rptr. 243], in which the court upheld separate punishment for possession of chemicals with intent to manufacture PCP, manufacture of PCP, and possession of PCP for sale. (See also *People v. Green* (1988) 200 Cal.App.3d 538, 544-545 [246 Cal.Rptr. 164]: triple punishment for possession, maintaining place for selling or using, and maintaining fortified place designed for sale, manufacture, or possession for sale.)

In this case, the court found that the possession of marijuana for sale was distinct from the operation of a methamphetamine laboratory. Its conclusion is entitled to respect. (*People* v. *Porter* (1987) 194 Cal.App.3d 34, 38 [239 Cal.Rptr. 269].) It is also eminently reasonable and represents a proper application of *Goodall*. Furthermore, different drugs are directed at different buyers—in some cases, at different classes of buyers—and represent different dangers to society. It would be absurd to hold that a criminal who deals in one contraband substance can expand the scope of his inventory without facing additional consequences.

There was no Penal Code section 654 error.

## C.

### *The Restitution Fine Was Properly Imposed*

The probation report indicated that defendant did not have the present ability to pay for counsel or investigation costs, but did recommend the imposition of a $5,000 fine pursuant to Government Code section 13967, subdivision (a). As amended and effective at the time of sentencing in March 1993, that statute required that the amount of such a fine be specified "subject to the defendant's ability to pay . . ." The record does not reflect that the trial court gave any consideration to this factor; nor does it reflect any objection by defendant.[3]

Some reimbursement or restitution statutes clearly place an obligation on the court to make an affirmative finding (e.g., Pen. Code, § 987.8, payment for counsel) and it has been held that the failure to do so is error. Arguably this error can be raised in the absence of any objection, as it constitutes a clear failure by the court to carry out its statutory duty. (See *People* v. *Turner* (1993) 15 Cal.App.4th 1690, 1694-1695 [19 Cal.Rptr.2d 736], with no mention of a trial court objection; see also this court, *People* v. *Robinson* (1992) 11 Cal.App.4th 609, 616-617 [14 Cal.Rptr.2d 88] refusing to apply the waiver doctrine to a failure to state reasons for a sentence choice, and noting both that it is the court's positive duty to state reasons for its sentence

---

[3]The comparable statute in the Penal Code, section 1202.4, subdivision (a), requires the fine "as provided in . . . Section 13967" to be imposed *regardless* of the defendant's ability to pay. The conflict with section 13967 itself has spawned a considerable amount of recent appellate head-scratching, and the Supreme Court has granted review in one case dealing with the problem, *People* v. *Wilson* (Cal.App.). We are following relatively well-settled law in holding that the trial court need not make an express finding or hold a hearing unless one is requested. We are not asked to determine whether the trial court considered improper factors in making its decision. (Cf. *People* v. *Frye* (1993) 21 Cal.App.4th 1483, 1486-1487 [27 Cal.Rptr.2d 52].)

choices, and that it may be difficult for counsel to follow an oral exposition of a complicated sentencing.) However, in many contexts a defendant who fails to object to an erroneous fine, or the amount of a fine, is held to have waived any error. (E.g., this court, *People* v. *Foster* (1993) 14 Cal.App.4th 939, 945-948 [18 Cal.Rptr.2d 1], involving the failure to object to the selection of the amount of a direct restitution fine; *People* v. *McMahan* (1992) 3 Cal.App.4th 740, 748-750 [4 Cal.Rptr.2d 708], involving a quasi-mandatory victim restitution fine under Penal Code section 290.3.)

This court has also held that a defendant who has clear notice of the prospective imposition of a fine through the recommendation in a probation report may thereby have an obligation to object. (*People* v. *Melton* (1990) 218 Cal.App.3d 1406, 1408 [267 Cal.Rptr. 640], cited with approval in *People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].)

The differing results reached in the above cases (and in numerous others on sentencing issues) depend partly on the type of fine and partly on the extent and nature of the court's power to relieve the defendant of the burden. In this case we find that the factors favor a finding of waiver.

In *People* v. *Turner, supra,* the statute required the court to make a finding of the defendant's ability to pay his defense costs, with the decision with respect to reimbursement obviously dependent upon this finding. By contrast, in *People* v. *McMahan, supra,* the statutory language *required* the imposition of a fine "*unless* the court determines that the defendant does not have the ability to pay the fine." (Italics supplied.) The court interpreted this language as placing the burden on the defendant—as "the most knowledgeable person regarding [his own] ability to pay"—to "affirmatively argue against application of the fine and demonstrate why it should not be imposed." (3 Cal.App.4th at p. 750.)

A court need not give an explanation of its decision on the amount of a fine under Government Code section 13967 (*People* v. *Staley* (1992) 10 Cal.App.4th 782, 785 [12 Cal.Rptr.2d 816]; *People* v. *Blankenship* (1989) 213 Cal.App.3d 992, 998 at fn. 5 [262 Cal.Rptr. 141]), but need only make findings if it elects to omit the fine. (Pen. Code, § 1202.4, subd. (a).) In the absence of a clear mandate, we hold that this applies to the factor of the defendant's ability to pay.

In this case, the imposition of a fine under Government Code section 13967 is mandatory, unless "compelling and extraordinary reasons" are found. (See also Pen. Code, § 1202.4.) The defendant has a *right* to a hearing

on the amount of any fine. (Gov. Code, § 13967, subd. (c).) However, the statute does not *require* the court to hold a hearing sua sponte. Furthermore, section 13967, subdivision (a), uses the ambiguous term *"subject* to the defendant's ability to pay . . ." (Italics added.) Arguably this phrase does not even affect the trial court's complete discretion in setting the amount of the fine based on the universally applicable factors (seriousness of crime, gain to defendant, losses to others), but merely acknowledges that *enforcement* of the order is "subject to the defendant's ability to pay." (See *People* v. *Sandoval* (1989) 206 Cal.App.3d 1544, 1549 [254 Cal.Rptr. 674], noting that a defendant cannot be imprisoned for failure to pay.)

However, even under an interpretation more favorable to defendant, which would allow him to contest the amount on the ground of inability to pay, the doctrine of waiver is properly applied. The probation report recommended a $5,000 fine, thus putting defendant on notice. (See *People* v. *Melton, supra*, 218 Cal.App.3d 1406 and *People* v. *Blankenship, supra*, 213 Cal.App.3d 992; cf. *People* v. *Sandoval, supra*, 206 Cal.App.3d 1544 in which the fine imposed by the court substantially exceeded that recommended by the probation officer.) The statute affords him the *right* to a hearing, but does not require one. He did not request a hearing on the issue, but tacitly submitted that question on the probation report. (See *People* v. *Foster, supra*, 14 Cal.App.4th 939.) We find that there *was* no error and that any objection has been waived.

The judgment is affirmed. The abstract of judgment is ordered to be amended to reflect the imposition of an enhancement under Health and Safety Code, section 11370.2, subdivision (b).

McKinster J., and McDaniel J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.