Filed 6/28/13  P. v Richards CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C069627 |
| v. | (Super. Ct. No. SF115098A) |
| GEORGE RICHARDS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant George Richards asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record and the parties' supplemental briefs, we conclude the protective order for defendant's spouse must be corrected to cite the applicable code section and the protective order for the houseguest must be stricken.  In all other respects, the judgment is affirmed.

SUMMARY OF FACTS AND PROCEDURAL HISTORY

About 1:00 a.m. on June 14, 2010, defendant hit his sleeping wife over the head with a hammer.  When she screamed for help, defendant strangled her to unconsciousness.  A female houseguest called 911 on her cell phone.  Defendant then

1

strangled the houseguest to unconsciousness. Defendant returned to his room where he attempted to hang himself. When officers arrived, defendant claimed he was "drunk on vicodin." Defendant's wife required staples to close the wounds on her head. She had a laceration on her ear and some bruising on her torso. The houseguest had evidence of strangulation on her face.

Defendant entered a negotiated plea of no contest to assault by means of force likely to produce great bodily injury on the houseguest (Pen. Code, § 245, subd. (a)(1)[1] [now (a)(4)]; count 3) and admitted personally inflicting great bodily injury (§ 12022.7, subd. (e)). He also pled no contest to infliction of corporal injury to his wife (§ 273.5, subd. (a); count 4) and admitted he personally inflicted great bodily injury (§ 12022.7, subd. (e)) and personally used a deadly or dangerous weapon, to wit, a hammer (§ 12022, subd. (b)(1)). Defendant entered his pleas and admissions in exchange for a sentence range of six to twelve years four months. Two counts of attempted murder were dismissed in the interest of justice in view of the plea.

The court sentenced defendant to state prison for an aggregate term of nine years, consisting of the midterm of three years for count 4, plus four years for great bodily injury and one year for weapon use, a consecutive one-third the midterm or one year for count 3, and stayed a four-year term for great bodily injury. The trial court also imposed protective orders for defendant's spouse and the houseguest.

Defendant appeals. He did not seek a certificate of probable cause (§ 1237.5).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

---

[1] Undesignated statutory references are to the Penal Code.

2

436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief.  He contends that during the preliminary hearing and the motion to dismiss, the prosecutor deliberately misled the judge about the seriousness of the victims' injuries.  He also contends that the houseguest's testimony at a pretrial hearing about what transpired in the guestroom was different than her statements to the police.  He claims his wife's injuries as recounted by the prosecutor are "at odds" with the hospital records and that he did not choke the houseguest "twice."  He contends that although the victims' injuries may be considered serious, the injuries did not constitute great bodily injury because they did not "creat[e] a substantial risk of death."  He argues the definition of great bodily injury is "so ambiguous, it leaves it [to] the whim of a judge or jury causing unequal protection under the law for defendants charged with GBI."  Finally, defendant complains that although he agreed to a sentence of between six and twelve years, he does not believe his nine-year sentence is warranted by the events or the injuries.

## I

### Effect of Entering No-contest Plea and Not Seeking a Certificate of Probable Cause

"[A] guilty [or no contest] plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt.  [Citation.]  It waives a trial and obviates the need for the prosecution to come forward with any evidence.  [Citations.]  A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt.  Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. . . .  [¶]  A guilty plea also waives any irregularity in the proceedings which would not preclude a conviction.

3

[Citation.] Thus irregularities which could be cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea. [Citation.] In other words, by pleading guilty the defendant admits that he [or she] did that which he [or she] is accused of doing and he [or she] thereby obviates the procedural necessity of establishing that he [or she] committed the crime charged. In short, a guilty plea 'admits all matters essential to the conviction.'" (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125-126, fn. omitted.) "[W]hen the grounds relate to the legality of the proceedings but do not challenge the guilt of the defendant or the prosecutor's ability to convict him [or her], those grounds may be urged on appeal under a certificate of probable cause." (*Id.* at p. 127.)

By entering a plea of no contest, defendant has waived any and all claims challenging his guilt. By not seeking a certificate of probable cause, defendant cannot raise any grounds challenging the legality to the proceedings. Thus, defendant's claims cannot be raised on appeal, including his claim of prosecutorial misconduct at the preliminary hearing, his challenge to the houseguest's testimony at the preliminary hearing and/or a pretrial hearing, his claim that his spouse's injuries were at odds with the medical records, his claim he did not choke the houseguest twice, and his challenge whether the injuries constitute great bodily injury. Further, he admitted the victims' injuries constitute great bodily injury thereby relieving the prosecutor of proving up the allegations.

With respect to his sentence, defendant agreed his offenses warranted a minimum of six and a maximum of twelve years. The trial court abided by the agreement when it imposed nine years. There is no error.

## II

### *Sentencing Error*

We requested supplemental briefing on the authority for the protective orders for defendant's spouse and the houseguest. We conclude that (1) the trial court erroneously

4

imposed the protective order for defendant's spouse pursuant to section 1203.097 rather than section 273.5, subdivision (i), and (2) there is no authority for imposing a protective order for the houseguest.

## A.

### *Defendant's Spouse*

The trial court issued a protective order for defendant's spouse. On the form order, the box next to "Post trial probation condition" citing section 1203.097 was checked.

As relevant here, section 1203.097, subdivision (a), provides that "[i]f a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include . . . [¶] . . . [¶] (2) [a] criminal court protective order protecting the victim from further acts of violence, threats, stalking, sexual abuse, and harassment, and, if appropriate, containing residence exclusion or stay-away conditions."

Section 1203.097 is inapplicable because defendant was not granted probation. He was sentenced to state prison.

The reporter's transcript reflects that the trial court did not err in imposing the restraining order with respect to defendant's spouse. The prosecutor requested, and the trial court granted, the restraining order pursuant to section 273.5, subdivision (i).

Section 273.5, subdivision (i), provides:

"Upon conviction under subdivision (a), the sentencing court shall also consider issuing an order restraining the defendant from any contact with the victim, which may be valid for up to 10 years, as determined by the court. It is the intent of the Legislature that the length of any restraining order be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family. This protective order may be issued by the court whether the

5

defendant is sentenced to state prison, county jail, or if imposition of sentence is suspended and the defendant is placed on probation."

Defendant was convicted of violating section 273.5, subdivision (a), count 4. The trial court properly imposed the restraining order, protecting defendant's spouse for 10 years. However, the form order requires correction, deleting reference to section 1203.097 and instead referring to section 273.5, subdivision (i). (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1294-1295.)

**B.**

*Houseguest*

Defendant was convicted of assaulting the houseguest (§ 245, subd. (a)(1); count 3). Section 273.5, subdivision (i), does not apply to her. When the prosecutor informed the trial court it had no jurisdiction under section 273.5, subdivision (i), for a restraining order protecting the houseguest, the trial court offered a three-year restraining order and the prosecution responded that was acceptable if "possible." The trial court cited no authority. The parties have cited none, and we know of no authority authorizing an automatic three-year restraining order with respect to the houseguest. The restraining order must be stricken and the reference to the same in the abstract of judgment must be deleted.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified. With respect to the restraining order for defendant's spouse (Janet Richards), the order is corrected by deleting reference to Penal Code section 1203.097 and inserting reference to Penal Code section 273.5, subdivision (i). With respect to the restraining order for the houseguest (Janet Goff), the order is stricken. The trial court is directed to prepare an amended abstract of judgment deleting reference

6

to the restraining order with respect to Janet Goff and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


       HOCH       , J.


We concur:


      ROBIE      , Acting P. J.


      MAURO     , J.