Filed 5/22/14  P. v. Nieto CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MIRTALA NIETO,<br><br>     Defendant and Appellant. | C073236<br><br>(Super. Ct. No. 11F03865) |

A jury found defendant Mirtala Nieto guilty of possessing methamphetamine for sale.  (Health & Saf. Code, § 11378.)  Pursuant to Penal Code section 1170, subdivision (h)(1),[1] the court sentenced her to a total term of three years:  it ordered her to serve one year in county jail and thereafter two years on supervised release, in accordance with conditions applicable to persons on probation.  (§ 1170, subd. (h)(5)(B)(i).)[2]

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Under the terms of the recent realignment legislation, the courts are permitted to sentence certain nonviolent felons to county jail rather than state prison.  The courts also

1

On appeal, defendant claims the court improperly imposed a probation revocation restitution fine pursuant to section 1202.44, and the judgment should be corrected to reflect accurately the court declined to impose two nonmandatory fines. The People concede both points.

We conclude the abstract of judgment must be corrected to reflect the revocation restitution fine was imposed pursuant to section 1202.45, and to strike imposition of the drug treatment and drug program fines.

DISCUSSION[3]

I

*The Trial Court Properly Imposed a Second $400 Restitution Fine*

At the sentencing hearing, the court sentenced defendant to three years in state prison but, pursuant to section 1170, subdivision (h)(5)(B)(i), ordered defendant to serve one year in county jail and then two years on supervised release. The court asked defendant if she had reviewed all of the "recommended proposed terms of probation in the probation report," and defendant indicated she understood the terms and did not need the court to read them to her. The court nonetheless reiterated to defendant that she would be required to participate in a drug program, could not use or possess drugs or associate with persons using or possessing drugs, would be subject to search, be required to register, may not possess a firearm or other deadly weapon, must seek and maintain regular employment, may not leave the state without permission of the probation department and must pay various fines and fees, including a restitution fine of $400 pursuant to section 1202.4, subdivision (b), and a "further restitution fine of [$]400

---

have discretion to have the convicted person serve part of the sentence under supervised release. (See § 1170, subd. (h)(5)(B).)

[3] Because the facts of defendant's offense are not relevant to the disposition of this appeal, we omit our usual factual summary.

pursuant to [section] 1202.44.  That is stayed pending your successful completion of probation."[4]  The court asked defendant if she understood that if she failed to comply with any of these terms, she would be subject to revocation and incarceration for the balance of the two-year supervised release period; defendant said yes.

The revocation restitution fine was authorized by section 1202.45 and should have been imposed pursuant to that section, not pursuant to section 1202.44.

Defendant was sentenced on February 1, 2013.  Effective January 1, 2013, section 1202.45 was amended to add language virtually identical to that of section 1202.44 except for the substitution of the words "postrelease community supervision" or "mandatory supervision" for the word "probation" wherever it appears.  (Stats. 2012, ch. 762, § 1 (Sen. Bill No. 1210).)  Subdivision (b) of section 1202.45 now provides:  "In every case where a person is convicted of a crime and is subject to either postrelease community supervision under Section 3451 or mandatory supervision under subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional postrelease community supervision revocation restitution fine or mandatory supervision revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4 . . . ."  (§ 1202.45, subd. (b).)

Courts have inherent power to correct clerical errors on their own motions.  This includes correcting an erroneous sentence if the oral pronouncement is contrary to the court's intention.  (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1294 [obvious inadvertent misstatement by trial court in referring to wrong subdivision of statute

---

**4**    Although the second fine is not reflected in the abstract of judgment, the parties recognize that where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement of judgment controls, and urge us to consider the propriety of the imposition of the revocation restitution fine.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186; *People v. Mesa* (1975) 14 Cal.3d 466, 471.)

corrected]; *People v. Jack* (1989) 213 Cal.App.3d 913, 915-916 [correction where trial court misspoke]; *People v. Schultz* (1965) 238 Cal.App.2d 804, 808 [clerical error corrected where trial court misspoke].)

Here, the trial court ordered defendant to serve one year in county jail, after which she would be placed on two years' mandatory supervision. The court did not place defendant on probation, so we assume it misspoke when it referred to the "proposed terms of probation." Similarly, when the trial court said it wished to impose "a further restitution fine" to be stayed "pending [defendant's] successful completion of probation," we assume it intended to impose on defendant a restitution fine to be stayed pending her completion of the period of mandatory supervision it had just ordered defendant to complete. Thus, although the court's oral imposition of the second $400 restitution fine pursuant to section 1202.44 arguably named the wrong authorizing statute (see *People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422-1423), the imposition of a restitution fine to be stayed pending the completion of defendant's mandatory supervision was proper under then newly amended section 1202.45. (*People v. Menius, supra,* 25 Cal.App.4th at p. 1294.)

II

*The Abstract Should Be Amended to Strike Imposition of the Drug Treatment and Drug Program Fines*

Defendant objected at sentencing to the recommendation of the probation department that she pay discretionary fees, including a drug treatment fee of $100 (§ 1210.1, subd. (a)) and a drug program fee of $150 (Health & Saf. Code, § 11372.7, subd. (a)). In response, the trial court expressly declined to impose any nonmandatory fees or fines. The abstract of judgment nonetheless reflects the imposition of two discretionary fees: a drug treatment fee and a drug program fee.

4

Obviously, the oral pronouncement of the court controls (see *People v. Mitchell, supra,* 26 Cal.4th at pp. 185-186) and the court expressly declined to impose any nonmandatory fees.

### DISPOSITION

The judgment is affirmed. The case is remanded to the superior court with directions to correct the abstract of judgment to reflect the imposition of a $400 revocation restitution fine pursuant to section 1202.45, and to delete references in the abstract to a drug treatment fee and drug program fee. The superior court shall then forward a certified copy of the amended abstract to the Sacramento County Jail.


                                                  NICHOLSON      , Acting P. J.


We concur:


     HULL            , J.


     BUTZ            , J.