Filed 6/17/21  P. v. Fotiou CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075518 |
| v. | (Super.Ct.No. FVI19001816) |
| CHRISTOPHER DANIEL FOTIOU, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Tony Raphael, Judge. Affirmed in part and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Christopher Daniel Fotiou of possessing false or misleading registration tags and receiving a stolen vehicle. The court sentenced him to an aggregate term of nine years four months.

On appeal Fotiou argues, and the People agree, that there are clerical errors in the court's oral pronouncement of sentence, the minute order, and the abstract of judgment. Specifically, the parties argue that the trial court inadvertently switched which count referred to which crime, and the minute order and abstract of judgment corrected this mistake but swapped the sentences. We agree and will therefore correct these errors on appeal, but otherwise affirm the judgment.

I

FACTS

Because they are irrelevant to the issue on appeal, we do not summarize the facts underlying Fotiou's convictions. Suffice it to say, a jury found Fotiou guilty of possessing false registration (Veh. Code, § 4463, subd. (a), count 1) and receiving a stolen vehicle (Pen. Code, § 496d, count 2). Fotiou admitted he had three prior convictions for stealing cars (Pen. Code, § 666.5), a prior strike (Pen. Code, §§ 1170.12, subds. (a)-(d), 667 subds. (b)-(i)), and previously served six prison terms. (Pen. Code, § 667.5, subd. (b).)

At sentencing, the trial court stated it was imposing the "[u]pper term on Count 1 which is the violation of Penal Code Section [496d, subdivision (a)]," which was four years. However, count 1 was actually the false registration charge. The court continued

2

this misattribution by stating "[a]s to Count 2, possession of a false or blank registration, in violation of Vehicle Code Section 4463[,subdivision](a)," and imposing a term of "one-third the mid term of 3 years or 8 months."[1] The court then doubled each term due to the prior strike to arrive at an aggregate term of nine years four months.

The minute order correctly noted that count 1 was the false registration charge but reflects an eight-year term for that conviction. Additionally, the minute order reflects a term of 16 months for count 2, the receipt of a stolen vehicle conviction. The abstract of judgment reflects the counts, convictions, and terms from the minute order.

Fotiou timely appealed.

II

ANALYSIS

Fotiou argues, and the People agree, that the court's oral pronouncement of sentence, the minute order, and the abstract of judgment contain inadvertent, clerical errors.

"It is well established that a sentence which is the result of clerical error (in the sense of inadvertence, though committed by the judge) may be corrected at any time, by the trial court or the reviewing court." (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1294-1295.)

---

[1] The midterm for a violation of Vehicle Code section 4463, subdivision (a), is not three years but two years. However, the court accurately calculated and imposed the correct term (eight months is one-third of two years). Therefore, this error in the oral pronouncement does not require correction.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We have independent authority to correct the identified clerical errors. (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

Here, the errors are clear and are clearly inadvertent. The trial court mistakenly identified count 1 as the receipt of a stolen vehicle count, when it was in fact count 2. It made the complementary error with regards to the false registration charge, identifying it as count 2 instead of count 1. Other than the misstatement of which charge corresponded to which count, the terms imposed for each violation were legally permissible. Therefore, we conclude the court inadvertently misspoke in its oral pronouncement, and that the error is clerical and thus capable of correction on appellate review. (See *People v. Anderson* (1976) 59 Cal.App.3d 831, 839 ["The distinction between a clerical error and a judicial error does not depend so much on the person making it as it does on whether it was the deliberate result of judicial reasoning and determination."].)

III

DISPOSITION

We modify the July 28, 2020 minute order and abstract of judgment to reflect that Fotiou was sentenced to one-third the midterm, or eight months, doubled to 16 months due to the prior strike for count 1, the violation of Vehicle Code section 4463, subdivision (a), and the upper term of four years, doubled to eight years due to the prior strike for count 2, the violation of Penal Code section 496d. We direct the court to

4

prepare an amended abstract of judgment in accordance with this opinion and forward a certified copy to the Department of Corrections and Rehabilitation and correct the sentencing minute order.

In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>SLOUGH</u>
J.

We concur:

<u>CODRINGTON</u>
Acting P. J.

<u>FIELDS</u>
J.