Filed 12/8/22  P. v. Womack CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095656 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE018422) |
| v. | |
| MICHAEL COY WOMACK, | |
| Defendant and Appellant. | |

Defendant Michael Coy Womack signed a lease on a rental home for his foster brother, Greg P., with Greg P. agreeing to give the rent to defendant to pay to the landlord.  This arrangement worked for several years, until Greg P. could not pay the rent for two months.  Defendant could not afford to pay rent for two houses at the same time, so he gave the landlord 30-days' notice to terminate the lease for the house Greg P. was living in.  Defendant offered to let Greg P. stay in a spare room at defendant's house and told him he must move all of his possessions within 30 days.

1

When defendant went over to Greg P.'s house on the move-out date to prepare for a walk-through with the landlord, he found Greg P. lying in bed high on methamphetamine with his possessions still in the house. Defendant told Greg P. to get up right away and help clear out the house because the landlord was coming by that day and new tenants were moving in the next day.

Greg P. rose naked from the bed holding a sword that had been hidden under the covers and stabbed at defendant. Defendant grabbed the blade and the two struggled over the sword until defendant grabbed a nearby baseball bat and hit Greg P. in the head with it. Defendant attempted to flee the house. Greg P. chased him, eventually crashed into defendant, and both fell through the security door and landed in the front yard, with Greg P. on top of defendant. They again struggled over the sword until Greg P. let go and ran off across the front yard.

Greg P. ran into the street yelling "help" and "he's going to kill me." Defendant got in his car and drove over to Greg P., got out, yelled at him, and then hit him many times with the sword. Greg P. died from numerous blunt and sharp force injuries.

When another car pulled over and stopped nearby, defendant got back in his car, drove to a friend's house nearby, and asked for help. Police later saw defendant walking on a street behind his friend's house and arrested him.

The prosecution charged defendant with first degree murder and alleged he used a deadly or dangerous weapon. Parts of the incident, including the final confrontation, were captured on video by security cameras and the jury watched the footage at trial. Defendant argued that Greg P. provoked him to kill in the heat of passion, so the jury should find defendant guilty of manslaughter, not murder. The trial court instructed the jury on first and second degree murder and that provocation could reduce the crime to voluntary manslaughter. (See CALCRIM Nos. 520-522, 570.) The jury found defendant not guilty of first degree murder but guilty of second degree murder and found the weapon use allegation true.

2

The trial court sentenced defendant to 15 years to life in prison, plus one year for the weapon use enhancement. The trial court also imposed a $10,000 restitution fine, imposed and stayed a $10,000 parole revocation restitution fine, and ordered defendant to pay $763.82 of restitution to the "victims of violent crime program," a $30 criminal conviction assessment, and a $40 court security fee. The trial court dismissed a separate case against defendant in the interests of justice.

Defendant timely appealed.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

In our review of the record, we note that the trial court appears to have misspoken in ordering defendant to pay $763.82 restitution to the "victims of violent crime program." The record indicates the California Victim Compensation Board (Board) requested $763.82 in restitution for payments made to Greg P.'s family for funeral expenses. The trial court was required to order restitution for assistance provided by the Board be deposited in the Restitution Fund in the State Treasury, and the Board requested the restitution be made payable to it. (Pen. Code, § 1202.4, subd. (f)(2).) We will modify the judgment to order defendant to pay restitution to the Board for deposit in the Restitution Fund and order the trial court to amend the abstract of judgment accordingly. (See *People v. Menius* (1994) 25 Cal.App.4th 1290, 1294-1295 [sentence which is the result of an inadvertent clerical error by judge may be corrected on appeal].) We found nothing else in the record which would provide defendant with a better result.

3

DISPOSITION

The judgment is affirmed as modified to order defendant to pay $763.82 in restitution to the California Victim Compensation Board for deposit in the Restitution Fund, instead of paying that restitution to the "victims of violent crime program" as the trial court previously ordered.  The trial court is directed to prepare a corrected abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Krause, J.

/s/_____,
Boulware Eurie, J.

4