Filed 5/21/25  P. v. Little CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C099148 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR31624) |
| v. | |
| STEVEN WARD LITTLE, | |
| Defendant and Appellant. | |

After a jury found defendant Steven Ward Little guilty of assaulting his wife (Doe) and making criminal threats to her, the trial court sentenced him to state prison for an aggregate term of 21 years 10 months.  On appeal, Little contends the trial court prejudicially erred in failing to instruct the jury on the requirement of unanimity regarding the charge of making criminal threats.  We conclude that any such error was harmless beyond a reasonable doubt.  We also agree with the parties that the trial court

1

made an arithmetical error in calculating one of Little's subordinate terms. Accordingly, we will affirm Little's conviction for making criminal threats and remand the matter for the trial court clerk to correct the abstract of judgment.

## BACKGROUND

Doe met Little when she was 26 years old and he was 50. They married less than one month later. Little assaulted Doe multiple times after they married. The first time, Little "choked [Doe] out" until she lost consciousness. Little also repeatedly threatened Doe. On one occasion, when Doe said she wanted a divorce, he told her, "[Y]ou can't leave, I'm going to kill you." On another, he said he would "get a tool and sodom[ize]" her. He also told Doe he would kill her family if she involved them in the couple's disputes.

In July 2022, an information charged Little with three counts of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); counts I, II, & III),[1] one count of injuring a spouse (§ 273.5, subd. (a); count IV), and one count of making criminal threats (§ 422, subd. (a); count V).[2] Among other additional allegations in the information, the prosecutor alleged that in connection with counts I and II Little inflicted great bodily injury within the meaning of section 12022.7, subdivision (e).

After the close of evidence at trial, the prosecutor reminded the jurors that they "heard evidence that there were multiple instances of" criminal threats by Little:

---

[1] Undesignated statutory references are to the Penal Code.

[2] "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished . . . ." (§ 422, subd. (a).)

"[T]here were threats . . . to kill" Doe, and Little also "said that he could sodomize [Doe] anytime that he wanted to with anything that he wanted to." Defense counsel argued to the jury that Doe was not a credible witness. In rebuttal argument, the prosecutor asserted that he agreed with defense counsel that it was "an all or nothing case" and asked the jurors to find Little guilty of making criminal threats "for saying he could sodomize" Doe.

The trial court gave the jurors written instructions to guide their deliberations. Those instructions informed the jurors that the prosecution presented evidence of more than one act to prove Little committed assault by means likely to produce great bodily injury, and they could not find him guilty unless they all agreed that the prosecution proved he committed at least one of the acts and they all agreed on which act he committed. The written instructions were silent on the question of unanimity regarding the charge of making criminal threats.

After the jury found Little guilty on all counts and found true the allegations in counts I and II that Little inflicted great bodily injury within the meaning of section 12022.7, subdivision (e), the trial court sentenced him in July 2023 to an aggregate term in state prison of 21 years 10 months. Relevant here, that aggregate term included a principal term of 13 years—comprising the upper term of four years for the assault, doubled to eight years due to Little's status as a recidivist offender, plus the upper term of five years for the section 12022.7, subdivision (e) enhancement—and multiple consecutive subordinate terms, including a subordinate term of 42 months, which consists of three years for a second assault, plus 18 months (incorrectly calculated as one-third of the middle term of four years) for the associated section 12022.7, subdivision (e) enhancement. Little timely appealed.

3

DISCUSSION

I

*Failure to Give Unanimity Instruction for Making Criminal Threats*

Little contends the trial court prejudicially erred in failing to instruct the jury on the requirement of unanimity regarding the charge of making criminal threats (count V). He contends that because the evidence presented to the jury suggested multiple threats, it is possible the jurors disagreed about which criminal threat he made. The People argue on the merits that a written unanimity instruction regarding count V was not required because, in rebuttal argument to the jury, the prosecution "solely rel[ied] on the threat related to sodomy." The People further contend that any error by the trial court was harmless. Because we agree that any error was harmless, we need not decide whether the trial court erred.

If the evidence suggests more than one discrete crime, the prosecution does not elect among the crimes, and the trial court does not require the jury to agree on the same criminal act, the failure to provide a unanimity instruction is subject to the harmless error analysis articulated in *Chapman v. California* (1967) 386 U.S. 18. Under that standard the question is whether it can be determined beyond a reasonable doubt that the jury rested its verdict on evidence establishing the requisite elements of the crime independently of the instructional error. The standard can be met where " 'the record provides no rational basis, by way of argument or evidence, for the jury to distinguish between the various acts, and the jury must have believed beyond a reasonable doubt that defendant committed all acts if he committed any.' " (*People v. Curry* (2007) 158 Cal.App.4th 766, 783.) Such a scenario may arise when the jury resolves a basic credibility dispute against the defendant. (See *ibid.*)

Here, the prosecutor told the jury that it heard evidence of multiple instances of Little making criminal threats to Doe. But Little's counsel did not argue or present any evidence from which the jury could distinguish between the acts of making criminal

4

threats.  Rather, he offered the same defense to all alleged acts:  Doe was not credible.  Given this record, it is reasonable to conclude that the jury rejected Little's defense and "believed beyond a reasonable doubt that [Little] committed all acts if he committed any.  Thus, the failure to give the unanimity instruction was harmless beyond a reasonable doubt."  (*People v. Curry*, *supra*, 158 Cal.App.4th at p. 784.)

Little contends the People incorrectly rely on a case in arguing harmless error.  But this contention, even if correct, does not undermine our analysis under *Curry* that any error was harmless.  (See *People v. Alice* (2007) 41 Cal.4th 668, 679 ["the fact that a party does not address . . . authority that is . . . fairly included within the issues raised does not implicate the protections of" Gov. Code, § 68081].)

## II

### *Count II*

We agree with the parties that the judgment should be modified so that the consecutive term imposed for the section 12022.7, subdivision (e) enhancement to count II is 16 months, rather than 18 months.  The middle term for a section 12022.7, subdivision (e) enhancement is four years, or 48 months.  (§ 12022.7, subd. (e).)  One-third of 48 months is 16 months.  However, when imposing the subordinate term for count II (see § 1170.1, subd. (a))[3] the trial court mistakenly calculated one-third of 48 months as 18 months.  We will correct this error, because a "sentence which is the result of clerical error (in the sense of inadvertence, though committed by the judge) may be corrected at any time, by . . . the reviewing court."  (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1294-1295.)

---

[3] The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and one-third of the term imposed for any specific enhancements applicable to those subordinate offenses.

## DISPOSITION

The convictions are affirmed. The judgment is modified to reflect that as to count II, Little's term for the section 12022.7, subdivision (e) enhancement is 16 months, not 18 months. The clerk of the trial court is directed to correct the abstract of judgment accordingly and forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


                                          /s/
                                   BOULWARE EURIE, J.



We concur:



      /s/
HULL, Acting P. J.



      /s/
KRAUSE, J.

6